## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE PULCHALSKI,** | : | **CIVIL NO. 15-CV-1365** |
| **Plaintiff** | : | **(Judge Kane)** |
| **v.** | : | **(Magistrate Judge Carlson)** |
| **FRANKLIN COUNTY,** | : | |
| **Defendant** | : | |

## MEMORANDUM AND ORDER

## I.   INTRODUCTION

The plaintiff initiated this action by filing a complaint against Franklin County on June 13, 2015.  (Doc. 1.)  In this complaint the plaintiff alleges that he was formerly employed at the Franklin County Jail, and he claims that other employees at the jail discriminated against him in violation of the Americans with Disabilities Act. The defendant answered the complaint on September 14, 2015. (Doc. 7.)

The plaintiff has now moved for leave to amend his complaint to include a claim for retaliation under the Family Medical Leave Act. (Doc. 17.) The defendant opposes the motion, arguing, among other things, that the scheduling order in this case provided that "amendments were to be filed no later than December 25, 2015." (Doc. 19.) While we acknowledge that this December 25, 2015 deadline has passed, we find that the plaintiff has demonstrated good cause to

adjust the schedule in this case to allow amendment, which is also in keeping with the liberal approach set forth in Rule 15 of the Federal Rules of Civil Procedure. Accordingly, in the exercise of the Court's discretion, the motion for leave to amend is granted.

## II.    DISCUSSION

### A.    Rule 15

Motions to amend pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that a party may only amend a pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). In all other cases, a party may amend its pleading only with the opposing party's written consent, or with leave of the court. Fed. R. Civ. P. 15(a)(2). The rules provide that courts should freely grant leave to amend "when justice so requires." *Id*. Federal Rule of Civil Procedure 15 counsels courts to adopt a liberal approach to permitting amendments to pleadings. *See Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004). The Third Circuit Court of Appeals has observed that following this approach to granting leave to amend pleadings ensures that a particular claim will be decided on "the

merits rather than on technicalities." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-487 (3d Cir. 1990).

It should be noted, however, that a district court still retains discretion in deciding whether to grant or deny a party's request to amend its pleading. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). A court may deny a motion for leave to amend if the plaintiff's delay in seeking the amendment is motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). In this case, the defendant has cited undue delay, undue prejudice, and futility as reasons to deny plaintiff's motion.

Undue prejudice is viewed as the "touchstone for the denial of leave to amend." *Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 425 (3d Cir. 1981) (quoting *Cornell and Company, Inc. v. Occupational Safety and Health Review Commission*, 573 F.2d 820, 823 (3d Cir. 1978)) (further citations omitted). To show undue prejudice, the opposing party must demonstrate that it will be "unfairly disadvantaged or deprived of the opportunity to present facts of evidence" unless leave to amend is denied. *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989).

An amended pleading is considered "futile" if it fails to state a claim for which relief could be granted. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 113 (3d Cir. 2002). Such a case exists where the statute of limitations or some other

affirmative defense would compel dismissal of the claim; thus, if the statute of limitations has expired or some other legal defense bars the Plaintiff's proposed claims, leave to amend should be denied. *Id.*

When considering delay as a reason to deny leave to amend, it is important to note that delay alone will not necessarily compel denial. *Arthur v. Maersk, Inc.*, 437 F.3d 196, 204 (3d Cir. 2006). Rather, the delay must be "undue," by placing an unnecessary burden on the court or placing an unfair, prejudicial burden on the opposing party. *Id.* Sometimes delay can become undue when a party has already had previous opportunities to amend a complaint but has not cured pleading deficiencies. *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001).

Guided by these factors, we find that the plaintiff's motion for leave to amend should be granted. Although allowing amendment may cause some inconvenience to the defendant, we do not find that this inconvenience will amount to undue prejudice in this case, and the amendment does not appear to be futile. The plaintiff has represented that the defendant was notified of plaintiff's intention to add a claim of retaliation under FMLA relating to the same health condition that gave rise to the plaintiff's ADA claims. Furthermore, the plaintiff notes that discovery has not yet been answered, and no depositions have been taken. *Id.*

Moreover, the facts of this case do not suggest that the plaintiff has engaged in undue delay in seeking leave to amend. The plaintiff has represented that counsel learned of additional information indicating that the plaintiff's employment was terminated in part for his FLMA-qualifying leave during initial discovery, after already filing his complaint. Further, this is plaintiff's first request to this Court to amend his complaint.  We find that the requirements of Rule 15 are satisfied in this case.

## B. <u>Rule 16(b)</u>

The defendant correctly points out that because the plaintiff has moved for leave to amend the pleadings after the December 25, 2015 deadline prescribed by the scheduling order, Rule 16 of the Federal Rules of Civil Procedure is also implicated. Pursuant to Rule 16(b), "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). After a pleading deadline has passed, the Third Circuit requires a showing of good cause in order to amend. *E. Minerals & Chems. Co. v. Mahan*, 225 F.3d 330, 340 (3d Cir. 2000). Under this standard, "good cause" exists when the schedule cannot reasonably be met despite the diligence of the party seeking the extension. Fed. R. Civ. P. 16(b)(4) Advisory Committee Notes (1983 amendments). "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *ICU Medical, Inc. v. RyMed*

*Technologies, Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009) (quoting *Roquette*

*Freres v. SPI Pharma, Inc.*, C.A. No. 06-540-GMS, 2009 WL 1444835, at *4 (D.

Del. May 21, 2009)).

In this case, we find that the plaintiff has demonstrated good cause to amend

the court's scheduling order, as required by Rule 16(b). The plaintiff has

represented that counsel learned of additional information indicating that the

plaintiff's employment was terminated in part for his FLMA-qualifying leave

during initial discovery after filing his complaint. Plaintiff contends that he could

not have come to know this information in a more timely manner. The defendant

has made vigorous arguments that the plaintiff's counsel did in fact know that

plaintiff took leave under the FMLA, and that this was simply a lack of

communication between plaintiff and plaintiff's counsel.  While we considered

these arguments, we nevertheless find at this stage that the plaintiff has shown

good cause to grant the relief sought, and will permit the plaintiff to amend even

though the deadline for amendments of pleadings has expired.

An appropriate order follows.

III.   **<u>ORDER</u>**

Accordingly, IT IS ORDERED THAT the plaintiff's motion for leave to file

an amended complaint (Doc. 17) is GRANTED.[1] The Clerk of Court shall docket

the plaintiff's amended complaint as a standalone entry on the docket of this case.

So ordered this 6th day of April, 2016.

*/s/* Martin C. Carlson
Martin C. Carlson
United States Magistrate Judge

---

[1] We have addressed this motion by order because a motion for leave to amend is considered a non-case dispositive matter subject to magistrate judge jurisdiction. *Pagano v. Frank*, 983 F.2d 343 (1st Cir. 1993).