# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **BRUCE PULCHALSKI,** | : | Civil No. 1:15-CV-1365 |
| | : | |
| Plaintiff | : | (Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| **FRANKLIN COUNTY,** | : | |
| **o/a FRANKLIN COUNTY JAIL,** | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

This is an action brought by Bruce Pulchalski, a former county correctional officer, against Franklin County, Pennsylvania, alleging that his employment as a correctional officer at the Franklin County Jail was unlawfully terminated, and that he suffered retaliation and harassment, as a result of a physical disability that he sustained during his employment. Pulchalski has brought claims alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa. Cons. Stat. Ann. §§ 951 *et seq.*, for actual or perceived disability discrimination, retaliation and a hostile work environment.

The defendant has moved for partial dismissal of the second amended complaint. (Doc. 29.) The motion is fully briefed and ripe for disposition. (Docs. 30, 33, 34.) For the reasons that follow, it is recommended that the motion be granted to the extent it seeks to strike the plaintiff's claim for punitive damages, but denied in all other respects.

## II. BACKGROUND

The background to this report and recommendation is taken from the well-pleaded facts set forth in the second amended complaint, which are accepted as true for purposes of reviewing the pending motion.

Bruce Pulchalski was employed by Franklin County as a correctional officer for two years until he was terminated in July 2014. (Second Am. Compl. ¶¶12-13.) During his employment, Pulchalski was supervised by a number of employees, including Captain James Sullen and Warden Daniel Keen. (*Id.* ¶ 15.) Pulchalski alleges that throughout his employment he was dedicated and hard-working. (*Id.* ¶16.)

In or around May 2013, Pulchalski suffered a work-related leg injury and he notified his employer. (*Id.* ¶ 17.) The injury was serious enough to require multiple medical evaluations and continued treatment. (*Id.* ¶18.) The injury also limited Pulchalski's mobility, restricting his ability to walk, climb stairs, lift, and perform manual tasks. (*Id.*) Nevertheless, Pulchalski avers that he was still able to

perform the duties of his job, though he alleges at times he required reasonable accommodations to include light duty and occasional time off from work to treat his injured leg. (*Id.* ¶19.)

Pulchalski was proactive about notifying his employer regarding his condition, and about the accommodations he believed were necessary. (*Id.* ¶ 20.) It appears that for a time, from June to November 2013, Franklin County assigned the plaintiff light duty. (*Id.* ¶21.) Despite this accommodation, however, Pulchalski alleges that he was subjected to what he describes as a campaign of constant harassment from staff and management regarding his medical condition and accommodation requests, including: (1) treating him in a rude and condescending manner; (2) making discriminatory comments about his need for accommodations, including the charge that he was "milking" his injury; (3) and assigning him demeaning responsibilities. (*Id.* ¶ 22.) Following this period of light-duty assignment, the jail informed Pulchalski that it had no more light duty for him and told him that he would be required to take medical leave. (*Id.* ¶ 23.) Pulchalski went on FMLA-qualifying leave from November 2013 until February 2014. (*Id.* ¶ 24.)

Pulchalski returned to work in February 2014, and was again assigned to light-duty tasks. However, he claims that at the same time he was met with additional rude, disrespectful and disparate treatment by his employer, including

by being told by Warden Keen to stay in the mail room and "not move" and that if he had to take a break to "not abuse it." (*Id.* ¶ 25.)

As he was in notifying his employer regarding his disability, Pulchalski took a proactive step to notify his supervisors regarding what he perceived as hostile and demeaning treatment at work. To this end, Pulchalski maintains that he complained to management, including Warden Keen, that he felt he was being subjected to a hostile work environment and discriminated against because of his medical condition and need for accommodation. (*Id.* ¶ 26.) Nevertheless, Pulchalski claims that his complaints were never properly investigated or addressed, and that he continued to face harassment by staff and management. (*Id.* ¶ 27.)

In or around July 2014, Franklin County terminated Pulchalski's employment as a correctional officer, on the grounds that he was insubordinate. Pulchalski alleges that this charge is "completely false," and offered as pretext for the real reason for his firing – namely, his health conditions, need for accommodations, his exercise of FMLA rights, and his complaints about discrimination and retaliation. (*Id.* ¶¶ 28-29.)

Pulchalski initiated this action by filing a complaint on July 13, 2015. (Doc. 1.) He filed an amended complaint on April 6, 2016, (Doc. 22.), and a second

amended complaint on April 26, 2016, (Doc. 28.). The defendant filed the instant motion to dismiss on May 10, 2016. (Doc. 29.)

## III.  STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of a complaint. It is proper for the court to dismiss a complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure only if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss, the court "must accept all factual allegations in the complaint as true, construe the complaint in the light favorable to the plaintiff, and ultimately determine whether plaintiff may be entitled to relief under any reasonable reading of the complaint." *Mayer v. Belichick*, 605 F.3d 223, 229 (3d Cir. 2010). In reviewing a motion to dismiss, a court must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the [plaintiff's] claims are based upon these documents." *Id.* at 230.

In deciding whether a complaint fails to state a claim upon which relief can be granted, the court is required to accept as true all factual allegations in the complaint as well as all reasonable inferences that can be drawn from the complaint. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250, 1261 (3d Cir. 1994). These allegations and inferences are to be construed in the light

most favorable to the plaintiff. *Id.* However, the court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). Further, it is not proper to "assume that [the plaintiff] can prove facts that [he] has not alleged. . ." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Following the rule announced in *Ashcroft v. Iqbal,* "a pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. *Id.* To determine the sufficiency of a complaint under the pleading regime established by the Supreme Court, the court must engage in a three step analysis:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal*, 556 U.S. at 675, 679).

"In other words, a complaint must do more than allege the plaintiff's entitlement to relief" and instead must "'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

## IV. <u>DISCUSSION</u>

The plaintiff's second amended complaint contains three claims. In the first, he alleges that the defendant violated the ADA by discriminating against him on the basis of a real or perceived disability, by retaliating against him when he sought accommodations, and by subjecting him to a hostile work environment. Second, the plaintiff has alleged that the defendant retaliated against him for taking FMLA-qualifying medical leave to treat his leg injury. Finally, Pulchalski has alleged that the same conduct violates parallel provisions of the PHRA.

The defendant has not moved to dismiss the ADA claims, though it maintains it will seek a dispositive ruling at summary judgment. Instead, the defendant's motion is focused on the scope of the damages being sought, and on the FMLA retaliation claim. With respect to the scope of damages, the defendant seeks entry of an order dismissing the claims for punitive damages, which it maintains are not available against it as a municipality. Additionally, the defendant argues that the plaintiff's claim for compensatory damages under the FMLA be disallowed. Lastly, the defendant has moved to dismiss the FMLA retaliation claim on the grounds that the plaintiff has pled insufficient facts to

7

support the claim, or to demonstrate a causal link between his exercise of FMLA rights and the harassment, disparaging comments, and eventual termination of his employment that followed.

For the reasons discussed below, we agree with the defendant that the plaintiff is unable to recover punitive damages in this action. Additionally, we agree with the defendant that compensatory damages are not available for claims of pain and suffering or emotional distress under the FMLA, but are instead limited to the kinds of compensatory damages explicitly stated in the statute itself. Finally, we conclude that the plaintiff has alleged sufficient facts to get past the motion to dismiss so that his claims of retaliation may be tested against actual evidence. The defendant's effort to dispatch the FMLA retaliation claim on the factual allegations alone is premature and should be denied.[1]

---

[1] Despite the FMLA claims being carefully delimited and clearly articulated, the defendant nevertheless has moved for the dismissal of an FMLA "interference" claim, which was never alleged and which the plaintiff has emphasized that he never brought. Curiously, in its reply brief the defendant has taken the plaintiff's response to mean that the plaintiff has conceded that a claim that the defendant imagined should be dismissed. The Court should decline to order a claim dismissed where that claim was never brought in the first place.

### A. The Plaintiff Has Agreed to the Dismissal of His Claim for Punitive Damages

Although the second amended complaint contains a reference to punitive damages among the relief being sought in this case, in his brief in opposition to the defendant's motion to dismiss the plaintiff concedes that he is not pursuing punitive damages and agrees that the law does not permit their recovery against a municipality. (Doc. 33, at 2 n.1) ("Mr. Pulchalski is not seeking punitive damages from defendant, a municipality, and thus does not context defendant's motion with respect to punitive damages.")  Accordingly, it is recommended that the defendant's motion to dismiss or strike the plaintiff's claim for punitive damages be granted.

### B. Under the FMLA, and Claims for Compensatory Damages are Limited to Those Provide for By Statute

The defendant has also moved to dismiss the plaintiff's claim for compensatory damages under the FMLA.  We generally agree with the defendant that to the extent Pulchalski is seeking recovery for compensatory beyond those specifically provided for in the statute itself, such as pain and suffering or claims for emotional distress, these kinds of damages are not available to him. *See, e.g., Quinones v. Lehigh Valley Health Network, Inc.*, No. 5:14-cv-2410, 2015 WL 5585486, *5 (E.D. Pa. Sept. 22, 2015); *Howard v. Pa. Dep't of Pub. Welfare*, No.

11-1938, 2011 U.S. Dist. LEXIS 127653, at *19, 2011 WL 5341301 (E.D. Pa. Nov. 3, 2011).

However, we believe that this dispute may really be one of nomenclature rather than substance, because it is also clear that the FMLA *does* permit recovery of "compensatory damages" – it simply limits those damages to the kinds specified in the statute itself. *See Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 476 (E.D. Pa. 2014) (noting that a plaintiff "can, however, request compensatory damages" under the FMLA because "the statute specifically allows recovery of compensatory damages for any wages, salary, employment benefits, or other compensation lost by reason of the violation") (citing 29 U.S.C. § 2617(a)(1)(A); *cf. Sommer v. The Vanguard Group*, 61 F.3d 397, 399 (3d Cir. 2006) (noting that "[t]o deter [ ] interference [with an employee's exercise of rights under the FMLA], Congress has provided that an employer may be found liable for civil damages that include:  compensatory damages for any wages, salary, employment benefits or other compensation lost by reason of the violation; and liquidated damages.")

Thus, to the extent the plaintiff is seeking recovery of "compensatory" damages of the type specified in the statute, they are plainly recoverable. However, to the extent the plaintiff is seeking compensatory damages for pain and

suffering or emotional injuries stemming from alleged violations of the FMLA, such damages would be unavailable.

    **C.**    **The Plaintiff's Second Amended Complaint Adequately Pleads Facts to State a Claim for Retaliation Under the FMLA**

The defendant has also moved to dismiss the plaintiff's claim for FMLA retaliation, but in so doing relies on argument that shows the motion to be premature. The defendant's motion is really an argument over whether the plaintiff ultimately can marshal sufficient evidence to support the retaliation claim. The defendant's motion also rests heavily on an argument that the passage of time between the plaintiff's use of FMLA leave and his eventual termination – several months – is somehow dispositive of the plaintiff's claim. In the defendant's version, the mere passage of time is sufficient on its own to foreclose a plaintiff from proving a causal connection between the exercise of a plaintiff's right to FMLA-qualifying leave and an adverse employment action, but this is an overstatement of the law. The plaintiff has pleaded adequate facts to articulate a cognizable claim of FMLA retaliation and that is all he is required to do at the outset of this action. This claim should be permitted to proceed.

To prevail on a retaliation claim under the FMLA, the plaintiff ultimately must show that (1) he invoked his right to FMLA-qualifying leave, (2) he suffered an adverse employment decision, and (3) the adverse action was causally related to his invocation of rights. *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d

294, 302 (3d Cir. 2012). An FMLA retaliation claim requires proof of the employer's retaliatory intent, and courts have applied the familiar *McDonnell Douglas* burden shifting approach used in employment discrimination cases in order to evaluate an employer's retaliatory intent. *Id.*; *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

In arguing that the FMLA retaliation claim should be dismissed at the outset of the litigation, the defendant relies on a single Third Circuit decision in which the Court of Appeals affirmed a district court's grant of summary judgment in an FMLA retaliation case where the only evidence of causation appeared to be the two-month period of time between the FMLA leave and the termination of the plaintiff's employment. (Def. Br. at 8, citing *Williams v. Phila. Hous. Auth. Police Dep't*, 380 F.3d 751, 760 (3d Cir. 2004.) From this case, the defendant concludes that the passage of an even greater period of time between the plaintiff's FMLA leave and his firing compels a finding that there could not have been any causal link between the two events.

As a threshold matter, *Williams* was decided in a different procedural posture, at summary judgment, where the plaintiff was required to come forward with evidence to support his claim, including evidence of causation. In that case, the trial and appellate courts found that his exclusive reliance on a two-month period of time to establish causation was unavailing the absence of other

supporting evidence. *Id.* In this case, which is before the Court on a motion to dismiss, the plaintiff simply has to allege facts sufficient to articulate a plausible claim of retaliation; he need not articulate every fact or piece of evidence that he will use to prove such a claim at trial. *Williams* actually provides very little support for the defendant's argument at this stage of the case.

The defendant also argues that the complaint sets forth insufficient additional facts that could support an inference of retaliatory animus, but in so doing ignores the fact that the plaintiff has alleged that after his return from FMLA-qualifying leave he was subjected to rude and disparaging comments from co-workers and management, including the insinuation that he was a malinger, and he was given demeaning work and warned against abusing work breaks. He also claims that management ignored his complaints when he notified them that he was experiencing retaliation and discrimination after he returned to work, and he alleged that his termination followed shortly on the heels of his bringing these complaints to management's attention. (Second Am. Compl. ¶¶ 25-28.) We find that these allegations are adequate to put the defendant on notice regarding the basis for the claim. The plaintiff has alleged that he took FMLA qualifying leave, returned to a workplace where he was greeted with harassment, discrimination, and indifference from management, and just months later was fired. It is recommended

13

that the Court find these allegations are sufficient to withstand the defendant's motion to dismiss.[2]

## V. **RECOMMENDATION**

For the foregoing reasons, it is RECOMMENDED that the defendant's motion to dismiss (Doc. 29.) be GRANTED with respect to the plaintiff's claim for punitive damages, but DENIED in all other respects.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own

---

[2] The fact-based nature of this issue is thrown into further relief by the parties' differing interpretations of Pulchalski's deposition testimony, with the defendant suggesting that it does not offer sufficient evidentiary support for this claims, and Pulchalski suggesting otherwise. Since this matter is before the Court to review the sufficiency of the allegations contained within the complaint itself, and not to evaluate the evidence that has been adduced thus far, the Court should decline to consider the deposition transcript that the defendant has offered as an exhibit. (Doc. 34, Exhibit A, Deposition of Bruce Pulchalski dated February 8, 2016.)

determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                              */s/  Martin C. Carlson*
                                              Martin C. Carlson
                                              United States Magistrate Judge

Dated: September 27, 2016