IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRUCE PULCHALSKI, | : | |
| Plaintiff | : | No. 1:15-cv-01365 |
| | : | |
| v. | : | |
| | : | (Judge Kane) |
| FRANKLIN COUNTY, | : | |
| o/a FRANKLIN COUNTY JAIL, | : | (Magistrate Judge Carlson) |
| Defendant | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court are: the February 14, 2018 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 79), recommending that the Court deny Defendant Franklin County's motion for summary judgment (Doc. No. 61), as to Plaintiff Bruce Pulchalski's claims under the Americans with Disabilities Act ("ADA"), the Family Medical Leave Act ("FMLA"), and the Pennsylvania Human Relations Act ("PHRA"); Defendant's objections to Magistrate Judge Carlson's Report and Recommendation (Doc. Nos. 80, 81); and Plaintiff's response to Defendant's objections (Doc. No. 82).

Defendant has lodged several objections to Magistrate Judge Carlson's Report and Recommendation. (Doc. Nos. 80, 81.) According to Defendant, Magistrate Judge Carlson "erroneously recommended the denial of its [m]otion for [s]ummary [j]udgment based upon a misapprehension of the facts of the record and an inappropriate determination that there are disputed material facts which avert summary judgment." (Doc. No. 81 at 4.) As to Plaintiff's disability discrimination claims under the ADA and PHRA, Defendant objects to Magistrate Judge Carlson's determination that Plaintiff has proffered countervailing evidence that would support a finding that he was "disabled by injuries that impacted major life activities and that the [D]efendant regarded him as disabled." (Doc. No. 79 at 26.) Defendant argues that Plaintiff has failed to

1

establish that "he suffered from a disability which resulted in a substantial limitation on a major life activity at the time of the adverse employment decision." (Doc. No. 81 at 5.) Defendant posits that, instead, the evidence shows only that Plaintiff suffered from a temporary, non-chronic impairment, which does not rise to the level of a disability within the meaning of the ADA. (Id.) Moreover, Defendant disputes Magistrate Judge Carlson's finding that Plaintiff has produced evidence suggestive of pretext that casts doubt on Defendant's proffered justification for its decision to terminate Plaintiff, and maintains that the Court should grant summary judgment in its favor because the evidentiary record is "clear and indisputable" that the Plaintiff was not subjected to an adverse employment decision as a result of discrimination, but rather, was terminated from his employment due to his egregious violation of County and facility policy and procedure. (Id. at 7.)

As it relates to Plaintiff's hostile work environment claims under the ADA and PHRA, Defendant argues that Magistrate Judge Carlson erred in crediting Plaintiff's deposition testimony that he endured a campaign of harassment by colleagues and was paid short shrift by superiors to whom he complained over a period of months, and argues that Plaintiff has failed to establish any facts from which a reasonable factfinder could infer that the alleged harassment was in any way related to an alleged disability. (Id. at 9.)

Finally, Defendant objects to Magistrate Judge Carlson's findings with regard to Plaintiff's retaliation claims under the ADA, PHRA, and FMLA on the basis that Plaintiff has failed to satisfy his burden of showing that his proposed comparators are similarly situated so as to create a genuine issue of material fact on both the prima facie and pretext stages of the McDonnell Douglas burden-shifting analysis. (Id. at 10-14.) Defendant maintains that Magistrate Judge Carlson improperly concludes that Plaintiff's comparator evidence relating to the disparity in the discipline meted out for threatening conduct "casts doubt on Warden Keen's assertion that making 'any threats' is a per se terminable offense at the Franklin County Jail, and [raises] questions about whether

[Defendant's] . . . decision to fire [Plaintiff] . . . for a single instance of making an inappropriate and threatening comment [regarding a visiting minor] following a heated exchange was . . . the real reason [Plaintiff] was terminated." (Doc. No. 79 at 31.)  Moreover, as it specifically relates to Plaintiff's FMLA retaliation claim, Defendant asserts that Plaintiff has failed to relate his FMLA leave to his termination, and notes that the temporal proximity between the date Plaintiff returned to modified work from FMLA leave on February 24, 2014, and the date Plaintiff was terminated on July 10, 2014, is insufficient, standing alone, to create an inference of causality to defeat summary judgment in an action alleging retaliation under the FMLA.  (Doc. No. 81 at 13.)

Upon de novo review of those portions of the Report and Recommendation to which Defendant has specifically objected,[1] and having reviewed the submissions from the parties, the Court finds that Magistrate Judge Carlson correctly and comprehensively resolved the substance of Defendant's objections in his Report and Recommendation.  Thus, the Court will not write separately to address Defendant's objections, as it is persuaded by the Magistrate Judge's sound reasoning supporting his finding that Plaintiff has presented evidence and highlighted disputes in the record sufficient to withstand Defendant's motion for summary judgment as to each of Plaintiff's claims.  Accordingly, the Court will adopt Magistrate Judge Carlson's Report and Recommendation in its entirety.

**AND SO**, on this 30th day of March 2018, upon independent review of the record and the applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 79), of Magistrate Judge Carlson;

---

[1] The Magistrate Act, 28 U.S.C. § 636 et seq., and Rule 72(b) of the Federal Rules of Civil Procedure provide that any party may file written objections to a magistrate's proposed findings and recommendations.  In deciding whether to accept, reject, or modify the Report and Recommendation, the Court is to make a de novo determination of those portions of the Report and Recommendation to which an objection is made.  28 U.S.C. § 636(b)(1).  The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  L.R. 72.3.

2. Defendant's motion for summary judgment (Doc. No. 61), is **DENIED**; and

3. A scheduling conference will be conducted by the Court on April 12, 2018, at 1:30 p.m. The Court prefers to hold this conference by telephone. Plaintiff's counsel shall initiate this telephone conference. The telephone number of the Court is 717-221-3990. The primary purpose of this conference will be to establish all remaining case management deadlines. Participation in this conference by counsel is mandatory. Lead Counsel of record must participate in the conference without substitution unless permission for substitution is sought and granted prior to the conference. Requests shall be made at least two business days in advance of the date of the conference. This conference before the Judge will be canceled if the parties elect to proceed before a United States Magistrate Judge. The Magistrate Judge will reschedule the conference upon notification of the case assignment; and

4. The parties are directed to confer and submit proposed remaining case management deadlines by April 9, 2018, in advance of the scheduling conference.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania
